IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH HUG and ANNETTE HUG,

                    Plaintiffs,

    v.

NATIONSTAR MORTGAGE LLC, d/b/a
MR. COOPER,

                    Defendant.

OPINION AND ORDER

18-cv-144-wmc

---

Plaintiffs Kenneth and Annette Hug assert claims against their former mortgage servicer Nationstar Mortgage LLC, d/b/a "Mr. Cooper," for alleged failures to offer plaintiffs a loan modification in violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* ("RESPA") and the Wisconsin Consumer Act, Wis. Stat. § 224.77(1).[1]  Before the court is defendant's motion to dismiss for (1) lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) failure to state a claim not barred by claim preclusion, or (3) failure to allege an adequate injury. (Dkt. #7.) For the reasons that follow, the court will deny defendant's motion.

ALLEGATIONS OF FACT[2]

As husband and wife, Kenneth and Annette Hug purchased a residence in

---

[1] Plaintiffs named Mr. Cooper, f/k/a Nationstar Mortgage, as the defendant. In its motion to dismiss, defendant clarifies that its name is Nationstar Mortgage, d/b/a Mr. Cooper. As such, the court has amended the caption above to reflect the correct name of defendant and directs the clerk's office to correct the case caption on the docket accordingly.

[2] Under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted). In reviewing a claim for dismissal under Rule 12(b)(1), a comparable standard applies. *See Bultasa Buddhist Temple of Chi. v. Nielsen*,

Wonewoc, Wisconsin in 2000, borrowing money to do so. Plaintiffs made all mortgage payments until approximately 2006 or 2007.

At some point, likely by 2006, Nationstar Mortgage, d/b/a Mr. Cooper, began servicing the Hugs' mortgage. Plaintiffs further allege that from 2009 through 2014, "Mr. Cooper was a participant in the government's Making Homes Affordable program and was required under the auspices of that program to proactively solicit the Hugs for loss mitigation modification prior to commencing a foreclosure action." (Compl. (dkt. #1) ¶ 10.) Instead, without solicitation, Mr. Cooper allegedly filed a foreclosure action in 2006, and again in 2007, 2009, 2011, 2012 and 2013. The last of these foreclosure actions, No. 13 CV 275 (Juneau Cty. Cir. Ct.), with Nationstar as the plaintiff, resulted in a judgment of foreclosure, which was entered in January 2014.

From January 2014 through August 2014, plaintiffs allege that they next attempted to get Mr. Cooper to work with them on a loss mitigation program. In August, "Mr. Cooper told the Hugs that the only mitigation offer it would allow would be to have the Hugs pay approximately $28,000 . . . in exchange for which Mr. Cooper would make the loan current." (Compl. (dkt. #1) ¶ 1.) By borrowing from relatives, plaintiffs were able to make

---

878 F.3d 570, 573 (7th Cir. 2017) ("A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs."). In her complaint, plaintiff references a state court foreclosure proceeding, with defendant providing supplemental information in its motion. Accordingly, the court takes judicial notice of this state court proceeding, and has considered defendant's filings attached to its motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (explaining that a court may consider documents which are referenced in the complaint and central to the plaintiff's claims without converting a motion to dismiss to a motion for summary judgment); *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002) (holding that the court may take judicial notice of state court proceedings).

the required payment, bringing the loan current, and the 2013 foreclosure was dismissed.

Still, plaintiffs allege, the loan should also have been modified, and because it was not, they could not make the monthly payments, resulting in the Hugs defaulting again. Another foreclosure action was then filed on July 30, 2015, No. 15 CV 126 (Juneau Cty. Cir. Ct.). In plaintiffs' complaint and in defendant's brief in support of the motion to dismiss, both parties describe the foreclosure action as being filed by "Nationstar" or "Mr. Cooper," but the court documents indicate that the 2015 foreclosure was filed by The Bank of New York Mellon as "indenture Trustee for Nationstar Home Equity Loan Trust 2009-A, assignee of Centex Home Equity Corporation." (Def.'s Br., Ex. A (dkt. #8-1).) On October 1, 2015, the Juneau Court Circuit Court entered a second judgment of foreclosure in favor of The Bank of New York Mellon and against the Hugs. (*Id.*, Ex. B (dkt. #8-2).)

While not specifying the timeframe, plaintiffs allege that they continued to seek a loss mitigation loan modification during this second foreclosure process, ultimately paying an agency $2,500 to help them attain one, and in August 2016, Mr. Cooper made a trial modification offer to the Hugs. While they viewed that offer as too expensive, the Hugs nevertheless accepted it, and they made all three of the required trial modification payments. After the third payment, however, Mr. Cooper allegedly refused to provide a "permanent modification." Not knowing how to proceed, the Hugs made a fourth payment in the same amount. However, Mr. Cooper not only failed to provide a permanent loan modification, but refused to accept the Hugs' offered fifth payment. Instead, Mr. Cooper allegedly sold the property at a sheriff's sale and scheduled a confirmation hearing on that

3

sale.

On February 9, 2018, plaintiffs filed a motion to reopen the Juneau County foreclosure action for the purpose of asserting as counterclaims the same RESPA and Wisconsin Consumer Act violations now asserted in this lawsuit, except that in addition to statutory and compensatory damages, the proposed counterclaims sought specific performance in the form of a permanent modification, while their claims in this lawsuit only seek damages. Also material to defendant's motion here, plaintiffs alleged in their proposed counterclaims "[u]pon information and belief, [that] Mr. Cooper is an agent for Bank of New York Mellon and acts on behalf of Bank of New York Mellon, and has acted on behalf of Bank of New York Mellon at all times material hereto." (Def.'s Br., Ex. E (dkt. #8-5) ¶ 5.)

In an order dated February 20, 2018, the Juneau County Circuit Court denied plaintiffs' request to reopen. (*Id.*, Ex. F (dkt. #8-6).) Plaintiffs filed this lawsuit less than two weeks after that denial.

OPINION

I. **Timeliness of Defendant's Motion**

Before turning to the merits of defendant's motion, the court must first address plaintiffs' request in their opposition brief to strike defendant's motion as untimely. (Pls.' Opp'n (dkt. #9) 9.) Defendant was formally served with the summons and complaint in this lawsuit on April 12, 2018, making its answer or response due by May 3, 2018. Instead, the present motion was filed June 12, 2018. Before this motion was filed, plaintiffs had

not moved for entry of default and default judgment for failure to answer or otherwise respond timely, nor did they move to strike the motion as untimely once filed. Instead, plaintiffs simply seek this relief in cursory fashion at the end of their opposition brief. Perhaps as a result, but more likely because there is none, defendant offers no reason for its delay in filing its motion to dismiss in its reply brief. Instead, defendant argues that plaintiffs were not prejudiced by the late filing.

If plaintiffs had moved to strike, or had moved for entry of default and default judgment, then defendant would be required to explain its tardiness, and the court could determine whether excusable neglect was present. Regardless, plaintiffs' failure to either file a motion to strike or seek entry of default strongly supports a finding that they were in no way prejudiced by the untimely motion. Accordingly, plaintiffs' half-hearted "request" to strike defendant's motion to dismiss as untimely is denied.

## II. *Rooker-Feldman* Doctrine

As for the merits of that motion, defendant first argues that this court lacks subject matter jurisdiction over plaintiffs' claims under the *Rooker-Feldman* doctrine, which deprives federal district courts of jurisdiction to review a state court decision.[3] This doctrine applies generally to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The reason underlying the doctrine is that "no

---

[3] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

As described above, however, plaintiffs are *not* seeking an order in this lawsuit vacating the judgment of the Juneau County Circuit Court, nor even an injunction of the Juneau County Sheriff's Office sale (to the extent that the sale has not yet gone through). Rather, plaintiffs seek compensatory and statutory damages for defendant's failure to offer a loan modification. As such, plaintiffs' claims are distinguishable from the claims at issue in cases like *Calhoun v. Citimortgage, Inc.*, 580 F. App'x 484 (7th Cir. 2014), in which the Seventh Circuit held that the plaintiffs' requested relief of a loan modification or vacating of the foreclosure judgment would be barred by the *Rooker-Feldman* doctrine. *Id*. at 486.

Here, plaintiffs could pursue statutory or consequential monetary damages for defendant's failure to provide a loan modification in violation of RESPA or the Wisconsin Consumer Act without even seeking a modification of that loan, much less vacating the state court foreclosure judgment. Admittedly, plaintiffs may have great difficulty in isolating the injury associated with this alleged failure, but (as addressed below) that is a very different issue from whether *Rooker-Feldman* prevents them from attempting to do so, especially in light of their claimed entitlement to statutory damages, which do not appear to be inextricably intertwined with the foreclosure judgment itself. As such, the court rejects defendant's motion to dismiss for lack of subject matter jurisdiction.

### III. Claim Preclusion

Second, defendant argues that even if the claims are not jurisdictionally barred by the *Rooker-Feldman* doctrine, the court should find them barred by the doctrine of claim preclusion. In Wisconsin, the doctrine of claim preclusion holds that "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated *or which might have been litigated* in the former proceedings." *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 698 N.W.2d 738 (emphasis added). Wisconsin law requires the following essential elements for claim preclusion to apply: (1) an "identity between the parties or their privies in the prior and present suits"; (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction"; and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627, 637 (1999).

As emphasized in the quote from *Menard* above, claim preclusion also covers claims that *might* have been raised in the prior lawsuit. *See Menard, Inc.*, 2005 WI 98, at ¶ 27. However, "[c]laim preclusion, standing alone, is *not* a bar to a subsequent suit by a defendant [in the first action] who chooses not to counterclaim in the first action. Were this not so, claim preclusion would improperly operate as a compulsory counterclaim rule." *Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 23, 302 Wis. 2d 41, 58–59, 734 N.W.2d 855, 864 (emphasis added). For this reason, the only recognized "exception" to this permissive counterclaim would be for a counterclaim that *was* compulsory in its own right. Wisconsin has adopted the common-law compulsory counterclaim rule that is set out in the Restatement (Second) of Judgments § 22(2)(b) (1982), which bars "a subsequent action

7

by a party who was a defendant in a previous suit if a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action.'" *Id.* at ¶ 25 (quoting *Menard*, 2005 WI 98, at ¶ 28 (internal quotations omitted)).

For the reasons just explained above in rejecting defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiffs' claim for statutory or monetary damages does *not* fit this description. Certainly, such an award would not nullify the foreclosure judgment, nor would it appear to otherwise impair the rights established in that proceeding.[4] As such, plaintiffs were not required to bring their RESPA and corresponding state law claims as counterclaims in the state court foreclose action.

## IV. Failure to Allege Actual Damages

Third, defendant raises various grounds for dismissing plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). A complaint must contain sufficient factual matter which, if accepted as true, states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 12(b)(6), it is not enough to "plead facts that are 'merely consistent with' a defendant's liability," *Iqbal*, 556 U.S. at 678, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[4] Had defendant offered some case law supporting an obligation to assert any available defenses or counterclaims under the Wisconsin Consumer Act to a mortgage foreclosure action, the answer might be different for that claim, but it is harder to imagine that a litigant could effectively be *forced* to assert their right to pursue RESPA in federal court by application of Wisconsin's claim preclusion doctrine.

8

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *McCauley v. City of Chi.*, 651 F.3d 611, 615 (7th Cir. 2011).

To state a claim, both RESPA and Wisconsin Statute § 224.77 require an allegation of "actual damages." *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016) (citing 12 U.S.C. § 2605(f)); *see also id.* at 594 (applying same requirement to Wis. Stat. § 224.77 claims). Here, plaintiffs allege that they

> suffered economic and emotional damages including but not limited to severe distress, loss of sleep, depression, extreme anxiety, and worry over the loss of their house, as well as having to pay an attorney to help them with the defense of that case and hiring a company to help them obtain a modification.

(Compl. (dkt. #1) ¶ 33.)

As the court explained above, it may be difficult to demonstrate that any emotional distress experienced by plaintiffs was because of defendant's alleged failure to offer a loan modification, rather than because of larger, now resolved foreclosure proceedings, but whether plaintiffs can prove this element of damages is for another day, since it is at least *plausible* at the pleadings stage that damages were caused in part by the alleged failure to offer a loan modification.

Moreover, while attorneys' fees associated with bringing the present claim for violations of RESPA and Wisconsin Stat. § 224.77 may not satisfy the "actual damages" requirement as defendants explain in their brief (Def.'s Br. (dkt. #8) 8-9), plaintiffs purport to be seeking damages based on attorneys' fees incurred as part of the foreclosure action. Here, too, it may be extremely difficult to demonstrate that these fees were incurred *because of defendant's alleged failure to offer a loan modification*, as opposed to efforts to oppose

foreclosure, but at the very least, plaintiff's payment to another company to help obtain a modification *may* satisfy the actual damages requirement. Regardless, since plaintiffs would appear eligible for statutory damages if a violation of RESPA can be established, sorting out the availability of plaintiffs' entitlement to any other monetary damages can be more efficiently resolved on an evidentiary record at summary judgment or motions *in limine*, rather than on the basis of speculation at the pleadings stage.

Accordingly, the court will deny this final basis for dismissal as well. *See Diedrich*, 839 F.3d at 591 ("These are allegations of concrete injuries and as such are sufficient to allege standing . . . . Whether the allegations are sufficient to overcome a motion for summary judgment is a different matter entirely.").

ORDER

IT IS ORDERED that defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's motion to dismiss (dkt. #7) is DENIED.

Entered this 25th day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge